Filed 5/17/16  P.  v. Goldschmied CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069321 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN341983) |
| COLBY GOLDSCHMIED, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I.

# INTRODUCTION

Colby Goldschmied pled guilty to one count of driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a))[1] (count 1), admitted that he caused injury to more than one victim (§ 23558), and admitted that he personally inflicted great bodily injury during the commission of the offense (Pen. Code, § 1192.7, subd. (c)(8)). The trial court entered an order placing Goldschmied on formal probation subject to various conditions, including that he serve 120 days in the custody of the sheriff and pay various fines and fees.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Vehicle Code.

2

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.  *Factual background*[2]

While under the influence of alcohol, Goldschmied committed a violation of section 21801, subdivision (a),[3] which caused an accident that injured more than one person.  Goldschmied caused great bodily injury during the commission of the offense.

B.  *The charged offenses*

The People filed an amended information in June 2015, charging Goldschmied with driving under the influence of alcohol causing injury (§ 23153, subd. (a)) (count 1), driving with a measurable blood alcohol level causing injury (§ 23153, subd. (b)) (count 2), hit and run with injury (§ 20001, subd. (a)) (count 3), and driving with a suspended license (§ 14601.1, subd. (a)) (count 4).  With respect to counts 1 and 2, the People alleged that Goldschmied caused injury to more than one victim (§ 23558), and personally inflicted great bodily injury during the commission of the offenses (Pen. Code, § 1192.7, subd. (c)(8)).

---

[2]     Because there was no trial in this case, we base our statement of facts on the Goldschmied's admission with respect to the factual basis of his plea at the plea hearing.

[3]     Section 21801, subdivision (a) provides:

> "The driver of a vehicle intending to turn to the left or to complete a U-turn upon a highway, or to turn left into public or private property, or an alley, shall yield the right-of-way to all vehicles approaching from the opposite direction which are close enough to constitute a hazard at any time during the turning movement, and shall continue to yield the right-of-way to the approaching vehicles until the left turn or U-turn can be made with reasonable safety."

C.    *The plea*

The People and Goldschmied entered into a plea agreement in August 2015.

Goldschmied agreed to plead guilty to one count of driving under the influence of alcohol

causing injury (§ 23153, subd. (a)) (count 1), admit that he caused injury to more than

one victim (§ 23558), and admit that he personally inflicted great bodily injury during the

commission of the offense (Pen. Code, § 1192.7, subd. (c)(8)) in exchange for the

dismissal of the balance of the charges and allegations, and an indicated sentence of no

greater than 120 days in local custody.[4]

The court held a plea hearing and accepted Goldschmied's plea of guilty as

provided for in the plea agreement.

During the plea hearing, in describing the terms of the plea agreement, the court

stated:

> "I indicated to your attorney that based on your prior history and the
> facts of this case that I felt a fair and appropriate sentence would be
> a 120-day lid.  That means you would not get more than 120 days.
> You could get less than that."

D.    *The trial court's probation order*

The court held a hearing on November 16, 2015.  At the conclusion of the hearing,

the court entered an order placing Goldschmied on formal probation subject to various

---

[4]    The agreement also indicates that the court "will consider CPAC."  During the
plea hearing, the trial court stated that this provision meant that the court "would give
consideration to the CPAC electronic surveillance program for any custody time that I
may impose."

conditions, including that he serve 120 days in the custody of the sheriff and pay various fines and fees. The fines and fees included a court operations assessment fee ($40), a criminal conviction fee ($30), a criminal justice administration fee ($154), an alcohol-drug assessment program fee ($100), an alcohol prevention penalty assessment ($50), a restitution fine and surcharge ($330) and an emergency medical air transport fee ($4). The court also imposed and stayed a probation revocation fine of $300.

E.     *The appeal*

Goldschmied timely appealed from the order granting probation.

### III.

### DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

> "1. Whether [Goldschmied's] sentence was compliant with the terms and conditions of the plea agreement?
>
> "2. Whether the trial court properly set all mandatory fines and fees?"

After this court received counsel's brief, we gave Goldschmied the opportunity to file a supplemental brief. Goldschmied has not filed a brief.

5

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue.  Goldschmied has been adequately represented by counsel on this appeal.

IV.

DISPOSITION

The order granting probation is affirmed.

AARON, J.

WE CONCUR:

HALLER, Acting P. J.

IRION, J.